O. B. TAYLOR v. C. R. MITCHELL *et al.*

**No. 9771.**

RECITAL OF UNRECORDED MORTGAGE IN DEED — *is notice to grantee and subsequent purchasers and mortgagees.* The recital in a recorded deed to land of a prior mortgage thereon, charges the grantee, and subsequent purchasers and mortgagees under him, with notice of such mortgage, although it has not been recorded.

Error from Sumner District Court. Hon. James A. Ray, Judge. Opinion filed May 8, 1897. *Reversed.*

*Baker, Hook & Atwood,* for plaintiff in error.

*Haughey & McBride* and *Madden & Buckman,* for defendants in error.

DOSTER, C. J.   O. B. Taylor, plaintiff in error, was the owner of land in Sumner County and conveyed it to C. R. Mitchell, one of the defendants in error.   To secure part of the purchase price, Mr. Mitchell executed to Mr. Taylor a mortgage upon the land for thirty-five hundred dollars.   The deed was recorded in Sumner County, but the mortgage was not recorded until after several subsequent conveyances and mortgages had been executed upon such land and recorded. The first of these conveyances was by Mr. Mitchell to the Geuda Springs Town and Water Company.   In this conveyance, a recital, by way of exception to the covenant against incumbrances, read as follows : "Except a mortgage to O. B. Taylor for thirty-five hundred dollars, which second party is to pay off."   The action in the court below was by plaintiff in error for foreclosure of his mortgage.   The subsequent lien-holders and grantees of the land, who were made defendants, pleaded ignorance of the mortgage on account of the failure to record it ; and the court below found in their favor, and rendered judgment accord-

ingly. To secure a reversal of that judgment this proceeding in error was brought.

Sections 20 and 21, chapter 22, of the General Statutes of 1889 (¶ ¶ 1129, 1130), relating to instruments affecting real estate and the registration of the same, read as follows:

" § 20. Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice.

" § 21. No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

Elaborate arguments upon the law of notice, actual and constructive, have been made, and many authorities cited by each side. It is claimed by defendants that section 21 above quoted only charges third persons with that actual notice of unrecorded instruments which personal inspection, or report concerning the same, would give; and that there can be no such thing as constructive notice of such instruments, unless recorded. If section 21 stood alone, there would be much force in this contention; but construing it in connection with section 20, preceding, the question becomes entirely free from difficulty. The deed of Mr. Mitchell to the Geuda Springs Town and Water Company referred to Mr. Taylor's mortgage, and excepted it from the covenant against incumbrances. This deed was recorded, and under it all the defendants claim. Section 20 declares that such an instrument, when recorded, " shall impart notice to all persons of the *contents thereof;* and all subsequent purchasers and mortgagees

shall be deemed to purchase with notice." A part of the "contents" of the deed in question was a recital of the fact that the land was incumbered by a mortgage to Mr. Taylor for thirty-five hundred dollars which the grantee assumed and agreed to pay. Let it be admitted, for the purposes of the argument, that section 21 requires record of the instrument, or actual knowledge without such record, in order to impart notice; yet, section 20 charges all persons with knowledge of the contents of recorded instruments; hence, defendants had knowledge of Mr. Taylor's unrecorded mortgage, through the recital of the same in the recorded deed under which they claim. In their application to cases like the one under consideration, these two sections are to be construed as though they read: "No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record, unless recited in the contents of other instruments duly recorded." There can be no escape from the conclusion that under these sections the defendants were chargeable with constructive notice of Mr. Taylor's mortgage, imparted to them by the record of Mr. Mitchell's deed to the Geuda Springs Town and Water Company. There is no force in the suggestion that the defendants were at liberty to presume, from the language of the recital in this deed, that the grantee had discharged its obligation under the assumption clause to pay off the Taylor mortgage. It was their duty, in order to acquit themselves of laches, to learn, as a fact, whether such had been done.

The judgment of the court below is reversed, and the cause remanded for such proceedings as may be necessary under the view of the law herein taken.