291 P.2d 883

SALT LAKE, GARFIELD & WESTERN RAILWAY CO., a Corporation, Plaintiff and Respondent,

v.

ALLIED MATERIALS CO., a Corporation, and Ketchum Builders Supply Co., a Corporation, Defendants and Appellants.

No. 8372.

Supreme Court of Utah.

Dec. 19, 1955.

Ray, Quinney & Nebeker, Albert R. Bowen, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a decree entered in plaintiff's favor in a quiet title action. The facts are not in dispute.

Plaintiff operates a railroad extending west from Salt Lake City.

In 1897 plaintiff's predecessor, The Saltair Railway Company, instituted condemnation proceedings to increase the width of its right of way by 33½ feet for a length of 899.25 feet. By a decree dated December 6, 1897, the district court in and for Salt Lake County condemned this land and awarded it to the railroad. The decree was not recorded in the office of the County Recorder, as required by law,[1] until November 6, 1952, a short time after the purchase by defendant Allied Materials Co., and shortly prior to the purchase by Ketchum Builders Supply Co. from Allied Materials Co.

Following the entry of the decree in condemnation plaintiff's predecessor entered into possession of said property and erected thereon adjacent to its line of railroad certain poles, guy wires and trolley wires necessary for the use of said property as a railroad right of way. Plaintiff and its predecessor in interest have been in possession of the property continuously since the

Fabian, Clendenin, Moffat & Mabey, Albert J. Colton, Salt Lake City, for appellants.

---

[1]. Section 3856, Compiled Laws of Utah 1888 (now Section 78–34–15, U.C.A.1953).

entry of the decree, and their possession has been open and notorious. The poles, trolley and guy wires were in place prior to 1925. It is further established without conflict that the poles and guy wires were on the property covered by the metes and bounds description in defendants' deeds, and that defendant Allied Materials Co. had leased the property with an option to buy several years before its deed was executed and that the president and manager had inspected the property and had it surveyed and the survey stakes showed plaintiff's poles, guy wires and trolley wires inside the boundary of the property in question.

In August, 1909, defendants' predecessor in interest executed two deeds covering, along with other property, the property conveyed to defendants. These deeds were recorded in the office of the County Recorder in August, 1909. One of the deeds contained the following reservation:

"* * * less that portion of land awarded to the Saltair Beach Railroad Company for right of way, by decree of the District Court of Salt Lake County, Utah, and also less that portion of said land deeded to the Western Pacific Railway Company."

The reservation was not set out in any subsequent conveyance in defendants' chain of title. The other deed contained the following reservation:

"* * * less that portion of said land awarded to the Saltair Beach Railroad Company for right of way and also less that portion of said land deeded to the Western Pacific Railway Company * * *"

The trial court found:

"That the defendants and each of them had constructive notice of the claims and rights of the plaintiff in and to said property by reason of the occupancy and possession of said premises by the plaintiff and the installation of pole lines, guy wires and trolley wires and of the reservation recited in the deeds of Moses Hallett and Moses Hallett, trustee, aforesaid; * * *"

The trial court concluded that plaintiff is the owner and entitled to "the possession of the property," and entered judgment for plaintiff.

Defendants contend on appeal that the recitation in the 1909 deeds could not reasonably charge defendants with constructive notice of the decree in condemnation so as to defeat the defendants' claim that they are purchasers in good faith for value without actual notice of the decree and that the reservation in the deeds was so vague and indefinite as to impose no duty on defendants to inquire further.

Counsel for defendants quotes from the second deed mentioned, which mentions only that the land reserved was awarded to the Railroad Company and does not discuss the deed which recites that the land reserved was awarded to the Railroad Company by decree of the District Court of Salt Lake County, Utah.

It must be conceded that were the reservation contained in the second deed mentioned reciting only that the land reserved was awarded there would be made a much stronger argument. Without the recital of a decree or the court where made, the duty to inquire would be much less.

But here we have a deed in defendants' chain of title which reserves the land awarded to the Saltair Beach Railroad Co. *for right of way, by decree of the District Court of Salt Lake County, Utah.* Here the specific office in a definite building is pointed out where the reservation for right of way can be found. The grantee in the decree is pointed out.

One of the deeds in the chain of title of Allied Materials Company made a reservation of part of the land described in the deed; it named the Railroad Company which had been awarded the reserved land as a right of way; it recited that the award was made in a decree, and that the decree was entered by the District Court of Salt Lake County.

■ True the reference in the 1909 deed did not advise Allied Materials Co. of the specific land excluded from its grant, nor was the exact location of the reserved land made known by the deed. It did, however, advise defendant that the reserved land was part of the land described in its deed and that it was necessarily adjacent to the plaintiffs' right of way. The recitation of the reservation was sufficient under the circumstances to put a reasonably prudent man on notice and to charge him with the duty to inquire further to ascertain what the facts were.

■ This court in the case of O'Reilly v. McLean [2] et al., at page 564 of the Utah Reports and at page 775 of the Pacific Reporter, quoted approvingly the following language:

"'Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he ·shall be deemed conversant of it.'"

In the O'Reilly case this court cited with approval the case of Taylor v. Mitchell, 58 Kan. 194, 48 P. 859. In that case Taylor conveyed to Mitchell and Mitchell gave Taylor a mortgage to secure part of the purchase price. The deed was recorded but the mortgage was not recorded until after several subsequent conveyances and mortgages had been executed and recorded. Mitchell conveyed to a water company. This deed contained a recital, by way of exception to the covenant against incumbrances, as follows: "'Except a mortgage to O. B. Taylor for $3,500, which second party is to pay off.'" Taylor sued the subsequent grantees and incumbrancers to foreclose his mortgage. They pleaded ignorance of the mortgage because it was not

2. 84 Utah 551, 37 P.2d 770.

recorded. The Kansas court held that the recital in the deed referring to Taylor's mortgage gave notice of the mortgage and defendants thereby had knowledge thereof, the recording of the deed under the recording statutes imparting to everyone notice of its contents. Defendants were charged with constructive notice of Taylor's mortgage.

In 39 Am.Jur. Sec. 12, pp. 238–40 it is stated:

"Means of knowledge and knowledge itself are, in legal effect, the same thing where there is enough to put a party on inquiry. Knowledge which one has or ought to have under the circumstances is imputed to him. When a party *has information or knowledge of certain* extraneous facts which of themselves do not amount to, nor tend to show, an actual notice, but which are sufficient to put a reasonably prudent man upon an inquiry respecting a conflicting interest, claim, or right, and the circumstances are such that the inquiry, *if made and followed up with reasonable care and diligence, would lead to the discovery of the truth, to a knowledge of the interest, claim, or right which really exists, then the party is absolutely charged with a constructive* notice of such interest, claim, or right. In other words, whatever fairly puts a person on inquiry is sufficient notice where the means of knowledge are at hand; and if he omits to inquire, he is then charge- able with all the facts which, by a proper inquiry, he might have ascertained. A person has no right to shut his eyes or his ears to avoid information, and then say that he had no notice; he does wrong not to heed the 'signs and signals' seen by him. It will not do to remain wilfully ignorant of a thing readily ascertainable, and it is no excuse for failure to make an inquiry, that if made, it might have failed to develop the truth * * *." (Emphasis ours.)

In 39 Am.Jur., Sec. 18, p. 242 it is stated:

"Possession of land is notice to the world of every right that the possessor has therein, legal or equitable; it is a fact putting all persons on inquiry as to the nature of the occupant's claims as well as the claims of the person under whom he occupies. Possession is notice, however, of only such facts as inquiry of the occupant would naturally disclose, * * *. Where a purchaser is in possession under an unrecorded deed, his possession is notice of his title, * * *."

Defendants made no inquiry of plaintiff although the plaintiff's railroad ran adjacent to defendants' land and notwithstanding plaintiff's poles, guy wires and trolley wires were within the description of defendants' land.

We are of the opinion that defendants had constructive notice of the claims and rights of plaintiff in and to the land in question by reason of the poles, guy wires

and trolley wires on the premises claimed by defendants and by reason of the reservation recited in the deeds from defendants' predecessor in title.

Judgment affirmed, costs to respondent.

McDONOUGH, C. J., and HENRIOD and WADE, JJ., concur.

CROCKETT, Justice (concurring specially).

The recitals in the 1909 deeds quoted in the main opinion gave constructive notice of whatever reasonable inquiry would have disclosed, and no more. I think the standard of reasonable care in making inquiry may well have been met by checking to see if any such decree was recorded as required by statute [1] and having found none was so recorded, it may have reasonably been assumed that none existed. With respect to the poles and guy wires on the property: they did not necessarily represent any unequivocal claim of ownership. The property was admittedly not enclosed by any fence or any other indication of boundary, and the poles were upon only part of it. They may have been consistent with a use without claim of ownership and easement, or a claim for only a portion of the property. However, in view of all of the circumstances, the recitals in the deeds, and the presence of the poles, I believe the trial court could reasonably find that reasonable care in making inquiry would have given

notice of the interest of the railroad. That being so, we should affirm the determination by the trial court, and are not called upon to say whether the facts would charge the defendants with notice as a matter of law.

1. See footnote 1 to main opinion.